UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JULIE SHAEFER, | : | |
| Plaintiff, | : | CIVIL ACTION NO. 3:23-0019 |
| v. | : | (JUDGE MANNION) |
| JAMIE CHORBA, *et al.*, | : | |
| Defendants. | : | |

## MEMORANDUM

Sexual exploitation of a minor high school student is wrong. Administration officials turning a blind eye could be criminal. But when a plaintiff makes such allegations in federal court, the Federal Rules require she plead enough facts to plausibly support cognizable claims. The Valley View Defendants in this case have pointed out some deficiencies on that score in Plaintiff's complaint (Doc. 1), which they move to dismiss (Doc. 10). Some of the pleaded claims are not cognizable under any set of facts; others are cognizable generally but lack sufficient supporting allegations. So the court will dismiss those claims in accordance with Rule 12 of the Federal Rules of Civil Procedure. Accordingly, and as explained more fully below, the court will **GRANT** the Valley View Defendants' motion to dismiss. Dismissal will be without prejudice and with leave to amend for most of Plaintiff's claims.

I. **BACKGROUND**

The factual background in this matter is taken from the allegations in Plaintiff's complaint, which the court must accept as true for purposes of the Valley View Defendants' motion to dismiss.

Plaintiff Julie Shaefer was a student in Defendant Valley View School District ("Valley View") high school from August 2013 to June 2017. Plaintiff was a minor the entire time she attended Valley View high school, graduating at age seventeen. Defendant Chris Mendicino (together with Valley View, the "Valley View Defendants") was the principal of Valley View. Defendant Jamie Chorba was the boys' high school physical education teacher and a health teacher.

Throughout Chorba's employment at Valley View, the administration had received complaints about Chorba's inappropriate behavior with female students, including the use of his cellular telephone to take pictures of some of the female students and standing inappropriately close to them during stretching in the physical education classes. Additional complaints were made to Valley View that Chorba had been seen walking to his vehicle without a shirt on and bare chested on Valley View's premises while students and other faculty were still present. Chorba was also known to walk into the

women's locker room prior to classes pretending to shield his face with papers. Many female students found this to be extremely inappropriate and complained.

On January 6, 2021, Plaintiff was informed by the Lackawanna County Detectives that Chorba had downloaded photographs of her from social media dating back to 2013; and Chorba had photos he took of Plaintiff while in the corner of the gymnasium during her time in high school at Valley View. Specifically, the photographs in the gymnasium were taken of Plaintiff's buttocks. Based on the Lackawanna County Detectives' investigation, Plaintiff was wearing different clothing in several of the photographs showing that Chorba took these photographs on more than one occasion. Additionally, Plaintiff was shown photographs found to be produced by Chorba that included her face being morphed onto the nude body of a different female. In some of those photographs, Chorba morphed his face onto the nude bodies of other males. These photographs showed the nude male with Chorba's faced morphed onto it engaging in sexual acts with the nude females with Plaintiff's face morphed onto them. These images were found in conjunction with numerous other photographs of students and other minors.

Furthermore, the Lackawanna County Detectives uncovered hundreds of photos and videos of Chorba throughout Valley View's property. These photos contained, but were not limited to, images of Chorba, naked, with an erect penis, while he was in various rooms located in Valley View. There were images of Chorba naked in the gym, locker room, library, and classrooms throughout Valley View. There was a video of Chorba masturbating in his vehicle while looking at two minor females that appeared to take place on Valley View property.

At the time of Chorba's actions, Valley View did not have in place a policy or procedure to protect minor students from this type of conduct. Additionally, Valley View had a policy or custom of ignoring signs of inappropriate actions by teachers, and of failing to investigate situations where inappropriate conduct by a teacher was suggested, suspected or evident. Because no investigation had taken place of the complaints made by students and their parents about Chorba, the inappropriate and illegal behavior continued. Plaintiff asserts that if Valley View had a policy in place to protect the constitutional rights of their minor students and did not ignore the warning signs of inappropriate behavior, the rights of Chorba's victims could have been protected.

Chorba would eventually plead guilty to crimes involving his inappropriate behaviors with children including Open Lewdness and Indecent Exposure in the Court of Common Pleas of Lackawanna County and would plead guilty to Sexual Exploitation of Children in the United States District Court for the Middle District of Pennsylvania.

## II. LEGAL STANDARD

The Valley View Defendants' motion to dismiss is brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Rule 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the complaint fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). Dismissal is appropriate only if, accepting all the facts alleged in the complaint as true, the non-moving party has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating "no set of facts" language found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal

evidence of" necessary elements of the non-moving party's cause of action. *Id.* Furthermore, to satisfy federal pleading requirements, the non-moving party must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotations marks omitted) (quoting *Twombly*, 550 U.S. 544 at 555).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. *See Sands v. McCormick*, 502 F.3d 263 (3d Cir. 2007).

The court should generally grant leave to amend a pleading before dismissing it as merely deficient. *See, e.g.*, *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." *Alston v. Parker*, 363 F.3d 229, 236 (3d Cir. 2004).

### III.   DISCUSSION

The Valley View Defendants seek dismissal of all Plaintiff's claims against them. The court will address the parties' arguments in turn.

### A. Section 1983 claims in Count II

Plaintiff interlays several constitutional claims against the Valley View Defendants within Count II of her complaint pursuant to 42 U.S.C. §1983. That statute prohibits state actors from depriving a plaintiff of a constitutional right while acting under the color of state law. *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996). Section 1983 claims come in many shapes and sizes, several of which Plaintiff attempts to plead here, including: (1) *Monell* claims against Valley View for (a) an unconstitutional custom or policy, (b) failure to supervise, and (c) failure to train; (2) substantive due process, state-created danger for violation of Plaintiff's right to bodily integrity; (3) unreasonable search and seizure under the Fourth Amendment; and (4) a Fifth Amendment claim.

The Fourth Amendment and Fifth Amendment claims can be disposed of rather quickly. The Fifth Amendment only applies to federal employees. And none of the facts pleaded implicate a search or seizure of Plaintiff protected by the Fourth Amendment. So those claims will be dismissed with prejudice since amendment would be futile.

The analysis of the remaining claims must start with the alleged constitutional violation perpetrated on Plaintiff by Chorba; the claims against the Valley View Defendants are derivative thereof and cannot be sustained

without an underlying constitutional violation. *See Mulholland v. Gov't of Cnty. of Berks, Pa.*, 706 F.3d 227, 238 n.15 (3d Cir. 2013) ("It is well-settled that, if there is no [constitutional] violation in the first place, there can be no derivative municipal claim.") (citing *Los Angeles v. Heller*, 475 U.S. 796, 799 (1986)); s*ee also Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006) (providing that once a "district court properly [finds] no underlying constitutional violation, its decision not to address the municipal defendants' liability under *Monell* [i]s entirely correct" because "*Monell* does not provide a separate cause of action . . . it *extends* liability to a municipal organization where that organization's failure to train, or [its] policies or customs . . . led to an independent constitutional violation").

Plaintiff alleges Chorba violated her right under the Fourteenth Amendment to personal security and bodily integrity. The factual averments supporting this allegation are as follows:

- Chorba would "friend" Plaintiff on social media platforms while he was still employed by Valley View and Plaintiff was a minor student;

- Chorba downloaded photographs from Plaintiff's social media;

- Chorba took photographs of Plaintiff's buttocks while she was in his physical education class—presumably unbeknownst to Plaintiff at the time, since the complaint says these photographs were only brought to her attention as a result of the subsequent criminal investigation into Chorba;

- Chorba morphed some of the pictures of Plaintiff's face onto the nude body of other females; and

- Chorba morphed his face onto the nude body of other males such that the photographs showed the nude male with Chorba's face morphed onto it engaging in sexual acts with the nude females with Plaintiff's face morphed onto them.

(Doc. 1 at 7–8). The Valley View Defendants argue this is not enough to state a bodily integrity claim under the Fourteenth Amendment. The court agrees.

"To demonstrate that her substantive due process rights were violated, [Plaintiff] must establish that 'the particular interest at issue is protected by the substantive due process clause,' and that 'the government's deprivation of that protected interest shocks the conscience.'" *Kane v. Barger*, 902 F.3d 185, 192 (3d Cir. 2018) (citing *Chainey v. Street*, 523 F.3d 200, 219 (3d Cir. 2008)).

With regard to the first element, the Third Circuit has recognized that "[i]ndividuals have a constitutional liberty interest in personal bodily integrity that is protected by the Due Process Clause of the Fourteenth Amendment." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 235 (3d Cir. 2008). Thus, the court agrees with Plaintiff that she had a right not to have her bodily integrity violated by Chorba, a public high school teacher.

Next, we consider whether Chorba's conduct shocks the conscience. To understand what official behavior truly "shocks the conscience," we seek wisdom from the courts above—the Third Circuit and Supreme Court.

> While "only the most egregious official conduct" can shock the conscience, "[t]he level of culpability required for behavior to shock the conscience largely depends on the context in which the action takes place." In this regard, we have observed that "[i]n a hyperpressurized environment, such as a high-speed police chase, intent to harm is required." However, "where deliberation is possible and officials have the time to make unhurried judgments, deliberate indifference is sufficient." Here, there is no indication that [Chorba] faced circumstances calling for quick decision-making while photographing [Plaintiff]. To the contrary, [Chorba] had time for "actual deliberation." Accordingly, the standard here is deliberate indifference, which requires "a conscious disregard of a substantial risk of serious harm."

*Kane*, 902 F.3d at 192 (citations omitted).

When applying a standard as nebulous as "shocks the conscience," often the best a court can do is look to precedent. And, in this case, the court need not look far since there are a disturbing number of cases within this Circuit involving sexual misconduct by teachers towards students in the government schools. The cases finding official conduct (and administrators' responses thereto) to have shocked the conscience involve serious sexual battery, sexual molestation, sexual assault, or other direct sexual harassment. *See, e.g., Stoneking v. Bradford Area School Dist.*, 882 F.2d 720 (3rd Cir. 1989) (physical force and threats used to coerce student to

perform various sexual acts); *B.W. v. Career Tech. Ctr. of Lackawanna Cnty.*, 422 F.Supp.3d 859, 898 (M.D. Pa. 2019) (touching and groping minor male students); *M.T. by & through Amber H. v. Uniontown Area Sch. Dist.*, No. CV 20-614, 2021 WL 807713, at *8 (W.D. Pa. Mar. 3, 2021) (multiple sexual assaults of student). Those cases are distinguishable from the present, in which Plaintiff alleges no sexual interactions with Chorba.

Plaintiff's argument against dismissal consists solely of citation to case law supporting her contention that one's right to bodily integrity is a fundamental liberty interest protected by the Fourteenth Amendment. That point is undisputed. But Plaintiff does not cite any authority demonstrating her allegations against Chorba implicate her right to bodily integrity, nor is the court aware of any. The court declines to chart new territory to expand substantive due process claims to reach the conduct at issue here; especially in an area of law in which the Supreme Court has counseled courts to be "reluctant to expand the concept of substantive due process because guideposts for responsible decision making in this unchartered area are scarce and open-ended." *Collins v. City of Harker Heights*, 503 U.S. 115, 125 (1992). Indeed, "[t]he doctrine of judicial self-restraint requires us to exercise the utmost care whenever we are asked to break new ground in this field." *Id.*

- 11 -

Thus, since Plaintiff has failed to plead a constitutional violation by Chorba, the Valley View Defendants' cannot be derivatively liable under *Monell*. The court will dismiss Count II of the complaint without prejudice since it has not been demonstrated that amendment would be futile.

B. **State-Created Danger**

Next, the Valley View Defendants seek dismissal of Plaintiff's state-created danger claim. "As currently formulated" by the Third Circuit, the state-created danger theory of liability "requires a plaintiff to plead four elements: first, foreseeable and fairly direct harm; second, action marked by 'a degree of culpability that shocks the conscience'; third, a relationship with the state making the plaintiff a foreseeable victim, rather than a member of the public in general; and fourth, an affirmative use of state authority in a way that created a danger, or made others more vulnerable than had the state not acted at all." *Johnson v. City of Phila.*, 975 F.3d 394, 400 (3d Cir. 2020) (citing *Sauers v. Borough of Nesquehoning*, 905 F.3d 711, 717 (3d Cir. 2018)).

Here, Plaintiff fails to plead a state-created danger claim against the Valley View Defendants because she pleads no affirmative conduct on their part. Plaintiff avers, "The Defendants failure to act, created the danger [Plaintiff] was subjected to." (Doc. 21). A state-created danger claim requires

- 12 -

an affirmative use of state authority in a way that created the danger; Valley View cannot be liable under this theory for a "failure to act." Accordingly, Plaintiff's state-created danger claim will be dismissed without prejudice, since it has not been shown that amendment would be futile.

### C. Title IX

Next, the Valley View Defendants seek dismissal of Plaintiff's Title IX claim. Title IX provides that "[n]o person . . . shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. §1681(a). Title IX provides a private cause of action against a school district for charges of discrimination. *See Franklin v. Gwinnett Cnty. Pub. Sch.*, 503 U.S. 60, 76 (1992). Sexual harassment is a cognizable form of "discrimination" under Title IX. *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 291-92 (1998). "To succeed on a Title IX sexual harassment claim, a plaintiff student must show: (1) *quid pro quo* sexual harassment, or a sexually hostile educational environment; (2) actual notice to an 'appropriate person' who has the authority to institute corrective measures; and (3) a response to the harassment that amounts to deliberate indifference." *Kobrick v. Stevens*, No. 3:13-CV-2865, 2017 WL 3839946, at

\*16 (M.D. Pa. Sept. 1, 2017), *aff'd*, 763 F. App'x 216 (3d Cir. 2019) (citations omitted).

Here, Plaintiff has not sufficiently alleged sexual harassment. To reiterate, she alleges Chorba "friended" her on social media, took pictures of her buttocks during P.E. without her knowledge, and downloaded her social media pictures apparently to manually crop her face onto pornographic images along with his face. Fairly read, the complaint alleges Plaintiff was not aware of any of this disturbing conduct (except the "friending" on social media) until it was uncovered in a subsequent criminal investigation into Chorba. These allegations do not rise to the level of sexual harassment under Title IX because there are no allegations that Chorba directed his conduct at Plaintiff.

The cases finding sexual harassment under Title IX involve conduct of a sexual nature directed at the plaintiff. As one court explained, "[t]he unwelcome conduct may include sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature." *Dawn L. v. Greater Johnstown Sch. Dist.*, 586 F. Supp. 2d 332 (W.D. Pa. 2008) (citing *Stroehmann Bakeries, Inc. v. Local 776, Intern. Broth. of Teamsters*, 969 F.2d 1436, 1441 (3d Cir. 1992)). The cases cited by Plaintiff demonstrate the same. *Douglas v. Brookville Area Sch. Dist.*, 836 F.Supp.2d 329, 339 (W.D.

Pa. 2011) involved a student and teacher engaged in a sexual relationship that included kissing and touching of sensitive areas. In *Chancellor v. Pottsgrove Sch. Dist.*, 501 F.Supp.2d 695, 705 (E.D. Pa. 2007), the student and teacher had sex. The court's independent research similarly reveals that sexual harassment requires at least some affirmative act—verbal, physical, or otherwise—directed at the plaintiff in some manner. *See, e.g., Moss v. Pennsylvania State Univ.*, No. 4:22-CV-00529, 2023 WL 5184976, at *6 (M.D. Pa. Aug. 11, 2023) (misogynistic, derogatory remarks made to a female over period of years); *Kobrick*, 2017 WL 3839946, at *1 (sexual relationship with teacher); *B.W.*, 422 F.Supp.3d at 898 (touching and groping minor male students).

    Plaintiff's allegations here do not include any conduct by Chorba directed at her. Plaintiff does not allege, for example, that she knew Chorba was taking pictures of her buttocks, or that Chorba spoke to her about the pornographic images he was apparently scrapbooking with her face on them. The court is unaware of any authority, nor has Plaintiff brought such to our attention, supporting a finding of "sexual harassment" under Title IX for sexual conduct by a teacher that the plaintiff is completely unaware of until it is exposed through criminal prosecution after she graduated. Thus, Plaintiff

has not adequately alleged sexual harassment to sustain a Title IX claim against Valley View.

This finding is bolstered by consideration of the purpose behind the private civil remedy under Title IX. "The statute makes clear that, whatever else it prohibits, students must not be denied access to educational benefits and opportunities on the basis of gender. *Davis Next Friend LaShonda D. v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 650 (1999). No doubt "sexual harassment . . . that is so severe, pervasive, and objectively offensive . . . can be said to deprive the victims of access to the educational opportunities or benefits provided by the school." *Id.* But cases, controlling or persuasive, are lacking which suggest the disturbing, "behind closed doors" conduct (so to speak) alleged in Plaintiff's complaint can amount to Title IX sexual harassment which deprives the victim of access to educational opportunities or benefits—especially when the misconduct is not revealed until after the plaintiff graduates. Accordingly, the court will dismiss Plaintiff's Title IX claim against Valley View without prejudice, since it has not been shown that amendment would be futile. The court will dismiss the Title IX claim against Mendicino with prejudice since Title IX does not afford a private cause of action against individuals. *Winter v. Pennsylvania State Univ.*, 172 F. Supp. 3d 756, 776 (M.D. Pa. 2016).

**D.     PSTCA**

Next, the Valley View Defendants seek dismissal of Plaintiff's Pennsylvania state law claims against them, claiming immunity under Pennsylvania's Political Subdivision Tort Claims Act (PSTCA). 42 Pa.C.S. §8541. Plaintiff concedes Valley View is entitled to immunity under the PSTCA, but she argues Defendant Mendicino is not because of the PSTCA's exception for "actual malice" and "willful misconduct." *See Sandford v. Stiles*, 456 F.3d 298, 315 (3d Cir. 2006). Plaintiff avers generally that Mendicino, "a person in position of authority to correct the actions of his subordinate [Chorba,] acted with willful misconduct when he failed to take action to stop the inappropriate behavior of [Chorba,] which in turn directly led to the damages of the Plaintiff." (Doc. 21). But Plaintiff does not cite to any allegations in her complaint of willful misconduct on the part of Mendicino, nor does the complaint contain such allegations. Willful misconduct requires "a demanding level of fault," *Sanford*, 456 F.3d at 315, and Plaintiff's allegations against Mendicino, which sound in negligence, fall well short of that standard. Accordingly, the state law claims against Mendicino do not fall into the "willful misconduct" exception to PSTCA immunity.

Plaintiff's claim for intentional infliction of emotional distress against Mendicino similarly fails for failure to allege intentional, extreme and

outrageous conduct. The elements of intentional infliction of emotional distress in Pennsylvania are: (1) a person who by extreme and outrageous conduct, that (2) intentionally or recklessly causes, (3) severe emotion distress to another. *Manley v. Fitzgerald*, 997 A.2d 1235 (Pa. Commw. Ct. 2010). The allegations against Mendicino, based primarily on a failure to act and sounding in negligence, do not rise to the level of intentional, extreme and outrageous conduct.

In sum, the allegations against Mendicino are not sufficient to meet the "willful misconduct" or "extreme and outrageous" standards. But it has not been shown that amendment would be futile in that regard, so Plaintiff's state law claims against Mendicino will be dismissed without prejudice. Plaintiff's claim for punitive damages will be dismissed without prejudice for the same reason.

### E.   Pennsylvania Constitution

Plaintiff concedes she fails to state a claim under the Pennsylvania Constitution. So the court will dismiss that claim with prejudice.

### IV. CONCLUSION

In light of the foregoing, the court will **GRANT** the Valley View Defendants' motion to dismiss (Doc. 10). Plaintiffs Fourth Amendment and Fifth Amendment claims, Title IX claim against Mendicino, state law claims against Valley View, and Pennsylvania Constitution claim will be dismissed with prejudice. The remaining claims will be dismissed without prejudice and with leave to amend. An appropriate order follows.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: September 25, 2023**
23-0019-01