**MICHAEL J. OSSONT, ESQUIRE**
**JASON J. MATTIOLI, ESQUIRE**
THE MATTIOLI LAW FIRM
425 Biden Street, Suite 300
Scranton, PA 18503
Phone: 570-880-7389
Fax: 570-880-7352
Attorneys IDs: 310437/88766
Attorneys for Plaintiff
michael.ossont@themattiolilawfirm.com
jaylaw344@yahoo.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JULIE SHAEFER<br>          Plaintiff<br><br>vs.<br><br>JAIME CHORBA, *et. al.,*<br><br>          Defendants | CIVIL ACTION<br><br>JURY TRIAL DEMANDED<br><br>DOCKET NO: 3:23-0019 |

## FIRST AMENDED COMPLAINT

**AND NOW** comes the Plaintiff, JULIE SHAEFER ("SHAEFER:"), by and through the undersigned counsel, Michael J. Ossont, Esquire and Jason J. Mattioli, Esquire of The Mattioli Law Firm and file the following Complaint and in support thereof, aver as follows:

1

## I.    JURISDICTION AND VENUE

1.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 which gives District Courts jurisdiction over all civil actions arising under the Constitution, laws, and treaties of the United States.

2.    This Court further has subject matter jurisdiction pursuant to 28 U.S.C. 1343, which provides the District Courts of the United States original jurisdiction over civil actions commenced by any person to redress the deprivation under color of any state law, statute, ordinance, regulation, custom or usage of any right, privilege or immunity secured by the Constitution of the United States, or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States; and pursuant to this section, the District Courts also have original jurisdiction over any civil action instituted to recover damages or obtain equitable relief or any other relief under any Act of Congress providing for the protection of civil rights.

3.    This Court further has jurisdiction over this action pursuant to 28 U.S.C. §1983, as more fully set forth herein.

4.    This is an action to redress the deprivation of Plaintiff's constitutional rights under the Fourteenth Amendment pursuant to 42 U.S.C. § 1983 Plaintiff also files this action to recover for state law claims arising under the Pennsylvania

Constitution and Pennsylvania common law, all of which arise out of the same common nucleus of facts of the aforementioned claims under §1983.

5. Venue is proper in this district pursuant to 28 U.S.C. §1391(a), since all defendants reside in this district and the events giving rise to the claims occurred in this district.

## II.    THE PARTIES

17. Plaintiff, JULIE SHAEFER, is an adult individual residing in Archbald, Lackawanna County, Pennsylvania. At the time of the allegations in this Complaint, SHAEFER was a minor student.

18. Defendant, JAIME CHORBA ("CHORBA"), is an adult individual, who, during all relevant times, was employed by the VALLEY VIEW SCHOOL DISTRICT ("VALLEY VIEW"). It is believed that CHORBA is a resident of Jessup, Lackawanna County, Pennsylvania currently incarcerated at the Lackawanna County Prison in Scranton, Pennsylvania.

19. Defendant, VALLEY VIEW, is a political subdivision as that term is defined in the Political Subdivision Tort Claims Act ("Tort Claims Act"), 42 Pa. C.S.A. §§8541-8542. The school District is organized and in existence pursuant to the laws of the Commonwealth of Pennsylvania and receives federal assistance. Defendant VALLEY VIEW has a business address of 1 Columbus Drive, Archbald, Lackawanna County, Pennsylvania 18403.

20.    Defendant CHRISTOPHER MENDICINO (MENDICINO) was at all relevant times was the principal of the VALLEY VIEW High school and employed by Defendant VALLEY VIEW.

21.    At all times relevant hereto, all individual Defendants were acting in their individual and official capacities and under color of the law of the Commonwealth of Pennsylvania.

22.    Upon information and belief, all individual Defendants were and still are residents of the Commonwealth of Pennsylvania.

23.    At all times pertinent hereto, Defendant VALLEY VIEW hired, employed, trained, and supervised Defendant CHORBA as a health and physical education teacher.

24.    At all times relevant hereto, Plaintiff SHAEFER was a minor student at VALLEY VIEW Jr./Sr. High School, a public educational institution within the Defendant VALLEY VIEW's district situated in Archbald, Lackawanna County, Pennsylvania.

25.    At all relevant times hereto, individual Defendant MENDICINO had the duty and authority to effectuate the polices and customs of the Defendant, VALLEY VIEW and to implement and execute all federal, state and district laws, regulations and/or policies relevant and necessary for the operation of a public school.

26. At all relevant times hereto, Defendant VALLEY VIEW was implementing and executing their policies and customs in regard to the events set forth within this Complaint such that the same resulted in the deprivation of Plaintiff's constitutional, statutory and common law rights.

27. Defendant, VALLEY VIEW was responsible for ensuring that all School District employees and/or volunteers were/are properly trained and supervised in the course of their employment relationship with the school district.

28. Defendant, VALLEY VIEW was responsible for all acts and omissions of all school district employees and/or volunteers.

## III.    BACKGROUND

29. Plaintiff incorporates paragraphs one (1) through twenty-eight (28) by reference with the same force and effect as if they were set forth at length herein.

30. SHAEFER was a student in Defendant VALLEY VIEW high school from August of 2013 until June of 2017.

31. When SHAEFER graduated from VALLEY VIEW High School she was only seventeen (17) years old.

32. During this time frame, CHORBA was the boys' high school physical education teacher and a health teacher.

33. During this time frame, the boys' and girls' physical education classes

would participate in classes together in the high school gymnasium.

34. Both CHORBA and the female physical education teacher would be present.

35. Students were not allowed to utilize their personal cellular telephones while in school at VALLEY VIEW.

36. However, CHORBA would allow students to sit out of participation in the physical education classes, sit in a corner of the gymnasium and utilize their cell phones so long as the students were near CHORBA.

37. CHORBA would also utilize his cellular telephone while comingling with the students.

38. Throughout August of 2013 through June of 2017 it is believed and averred that VALLEY VIEW and MENDICINO had received complaints about CHORBA's inappropriate behavior with female students, including the use of his cellular telephone to take pictures of minor female students' buttocks and standing inappropriately close to them during stretching in the physical education classes.

39. It is also believed and therefore averred, that throughout August of 2013 through June of 2017 complaints were made to VALLEY VIEW and MENDCINO regarding CHORBA while he was employed there regarding him walking to his vehicle without a shirt on and bare chested, on VALLEY VIEW's premises while students and other faculty were still present.

40. It is also believed and therefore averred that complaints were made to VALLEY VIEW and MENDICINO that CHORBA walked into the women's locker room prior to classes pretending to shield his face with papers between August of 2013 through June of 2017.

41. Many female students found this to be extremely inappropriate, including the Plaintiff, SHAEFER.

42. It was later learned, that CHORBA would "friend" SHAEFER on social media platforms while CHORBA was still employed by VALLEY VIEW and SHAEFER was a minor student.

43. On January 6, 2021, SHAEFER was informed by the Lackawanna County Detectives that CHORBA had downloaded photographs of her from social media dating back to 2013, and took photos of SHAEFER while in the corner of the gymnasium during her time in high school at VALLEY VIEW.

44. Specifically, the photographs in the gymnasium were taken of SHAEFER's buttocks.

45. Based on the Lackawanna County Detectives investigation, SHAEFER was wearing different clothing in several of the photographs showing that CHORBA took these photographs on more than one occasion during the above mentioned timeframe.

46. CHORBA also had other photographs of SHAEFER that SHAEFER

7

did not know existed.

47. Additionally, SHAEFER was shown photographs found to be produced by CHORBA that included her face being morphed onto the nude body of a different female.

48. In some of those photographs, CHORBA morphed his face onto the nude bodies of other males.

49. These photographs showed the nude male with CHORBA's faced morphed onto it engaging in sexual acts with the nude females with SHAEFER's face morphed onto them.

50. These images were found in conjunction with numerous other photographs of students and other minor students of that attended Valley View.

51. Additionally, the Lackawanna County Detectives uncovered hundreds of photos and videos of CHORBA throughout VALLEY VIEW's property.

52. These photos contained, but were not limited to, images of CHORBA, naked, with an erect penis, while he was in various rooms located in VALLEY VIEW.

53. There were images of CHORBA naked in the gym, locker room, library, and classrooms throughout VALLEY VIEW's property.

54. There was a video of CHORBA masturbating in his vehicle while looking at two minor females that appeared to take place on VALLEY VIEW's

property.

55.     It is believed and therefore averred that VALLEY VIEW's property is equipped with a closed-circuit security camera system throughout the interior and exterior of the high school's premises.

56.     It is believed and therefore averred that MENDICINO, and other administrators monitored the closed-circuit security camera system during the above mentioned time frame.

57.     Additionally, at the time of CHORBA's inappropriate actions, it is believed and therefore averred that Defendant VALLEY VIEW did not have in place a policy or procedure to protect minor students from this type of conduct.

58.     Additionally, it is believed and therefore averred that Defendant VALLEY VIEW had a policy and/or custom of ignoring signs of inappropriate actions by teachers, and of failing to investigate situations where inappropriate conduct by a teacher was suggested and/or suspected and/or evident.

59.     Specifically, it is averred that MENDICINO and VALLEY VIEW knew of CHORBA's inappropriate behavior through the previously mentioned complaints and acted with deliberant indifference to the safety of all minor female students but most specifically with respect to these claims, SHAEFER.

60.     VALLEY VIEW and MENDICINO knew of the complaints made with respect to CHORBA's inappropriate behavior and consciously acted in choosing to

9

allow him to remain within the walls of Valley View High School where he would have access to hundreds of minor female students.

61.    It should also be noted that this is not the first time VALLEY VIEW has disregarded the safety and security of minor students.

62.    VALLEY VIEW has allowed parents to participate in volunteer organizations surrounding their extracurricular activities, knowing that those individuals had previously plead guilty to furnishing alcohol to minors.

63.    In 2008, Mark Kandel pleaded guilty to furnishing alcohol to minors.

64.    Just a few short years later, he was allowed to participate as a volunteer with the Valley View Band Parents association and working at high school football games in the concessions stands and helping with events involving the minor students involved in the band program.

65.    While participating as a volunteer at VALLEY VIEW, Kandel was investigated and later pleaded guilty in 2013 in Federal Court to a violation of Title 18, United States Code, Section 2422(b), Online Enticement involving his inappropriate and sexual relationships with minor students who attended school at VALLEY VIEW.

66.    Further evidence of VALLEY VIEW's lack of appropriate policies and procedures to protect minor students from the inappropriate conduct of their staff, is shown when in July of 2021, Christopher Mazzino, who was VALLEY VIEW's

Director of Literacy at the time, was arrested on allegations that he contacted and attempted to engage in sexual behavior with a minor.

67.     This sparked an investigation by the Archbald Police into reports that prior to his arrest, Mazzino was offering one on one tutoring on VALLEY VIEW's premises to minor students at times when the school was not in session such as weekends or holidays.

68.     Either VALLEY VIEW did not have policies against employees meeting alone on their property with minor students when school was not in session, ignored the signs of inappropriate behavior, or, if there were policies in place, failed to enforce policies placing minor students in danger.

69.     Mazzino was only suspended after he was arrested for the allegations of meeting minors for sex even though there were signs of inappropriate behavior prior to Mazzino's arrest.

70.     It is believed and therefore averred that to date, Defendant VALLEY VIEW continues to not have in place the proper policies and procedures to hire, train, supervise and monitor employees and/or volunteers to ensure that minor students Constitutional rights are not violated or if they do have policies in place, they failed to enforce them.

71.     Because no investigation had taken place of the complaints made by students and their parents about CHORBA, the inappropriate and illegal behavior

continued.

72. VALLEY VIEW and MENDICINO's actions continued to place minor female students, including SHAEFER, in CHORBA's crosshairs.

73. As a result of the criminal investigation by the Lackawanna County Detectives, CHORBA was chargedwith:

    a.    170 Counts of Child Pornography, Felonies of the third degree;

    b.    170 Counts of Disseminating Child Pornography, Felonies of the third degree;

    c.    Six (6) Counts of Open Lewdness, Misdemeanors of the third degree; and

    d.    Six (6) Counts of Indecent Exposure, Misdemeanors of the second degree

74. CHORBA would plead guilty to Open Lewdness and Indecent Exposure with respect to these charges.

75. CHORBA would also be charged with four (4) counts of Invasion of Privacy, specifically for the photographs taken of SHAEFER.

76. CHORBA would also plead guilty in District Court for the Middle District of Pennsylvania to one (1) Count of a violation of Title 18, United States Code, §2251(a) for the sexual exploitation of children.

77. VALLEY VIEW's deliberate actions in continuing the employ of CHORBA, gave CHORBA the avenue to violate minor female students' constitution

rights.

## COUNT ONE
## Plaintiff SHAEFER v. Defendant CHORBA
## 42.  U.S.C. § 1983

78.    Plaintiff incorporates paragraphs one (1) through seventy-seven (77) by reference with the same force and effect as if they were set forth at length herein.

79.    A Plaintiff asserting a civil rights violation under §1983 must establish (1) the depravation of a right secured by the United States Constitution or federal law; and (2) that the alleged violation was committed by a person acting under color of state law. Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996) (*quoting* Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir 1995)).

80.    CHORBA was acting under the color of state law during the alleged course of conduct as a health and physical education teacher within VALLEY VIEW's school district.

81.    Under the Due Process Clause of the Fourteenth Amendment, Plaintiff had the right as a public-school student to personal security and bodily integrity.

82.    Under the Due Process Clause of the Fourteenth Amendment, Plaintiff had the right to be free from sexual abuse and/or sexual exploitation at the hands of public-school employees, specifically CHORBA.

13

83. The conduct of Defendant CHORBA, a state actor, as set forth above, acting under color of state law, amounted to an invasion of Plaintiff's constitutional right to personal security through sexual exploitation and violated her constitutional right to bodily integrity.

84. The conduct of Defendant CHORBA, a state actor, therefore violated Plaintiff's constitutional right to substantive due process pursuant to the 14th Amendment to the United States Constitution and as remediable by 42 U.S.C. §1983.

85. The conduct of Defendant CHORBA, a state actor, therefore violated Plaintiff's constitutional right  as a public-school student to personal security and bodily integrity when he exploited the Plaintiff in a sexual manner while she was a minor.

86. As a result of the previously mentioned conduct, Plaintiff has suffered severe and permanent psychological damage, physical harm, and emotional distress as a direct and proximate result of Defendant CHORBA's misconduct.

87. As a direct and proximate result of the violations of the Plaintiff's civil rights, she was caused to suffer sustained shock and injury to her nerves and nervous system, including but not limited to, anxiety, depression, embarrassment, mental anguish, and other injuries as set forth more fully herein, and other severe

and serious injuries, all of which are or may be permanent in nature.

## COUNT TWO
## Plaintiff SHAEFER v. Defendants MENDICINO and VALLEY VIEW
## 42. U.S.C. § 1983

88.    Plaintiff incorporates paragraphs one (1) through eighty-seven (87) by reference with the same force and effect as if they were set forth at length herein.

89.    Pursuant to the Due Process Clause of the Fourteenth Amendment, Plaintiff had the right as a public-school student to personal security and bodily integrity.

90.    Pursuant to the Due Process Clause of the Fourteenth Amendment, Plaintiff had the right to be free from sexual misconduct, harassment and/or abuse at the hands of an employee and/or volunteer of the public school such as defendant, CHORBA.

91.    Defendant MENDICINO, a state actor, subjected Plaintiff to violations of her Constitutional right as a public-school student to personal security and bodily integrity as well as her right to be free from sexual misconduct and abuse at the hands of an employee and/or volunteer of the public school such as Defendant CHORBA.

92.    In subjecting Plaintiff to these violations, Defendants VALLEY VIEW and MENDICINO, as state actors, failed to investigate Defendant CHORBA's conduct, failed to adequately supervise Defendant CHORBA; failed to suspend or fire Defendant CHORBA; failed to adequately train Defendant

CHORBA and other school district personnel on how to maintain/protect/preserve minor students to prevent sexual harassment, explotation and invasion of privacy by teachers and/or volunteers and/or prevent/stop the inappropriate behaviors exhibited and in so doing manifested a deliberate indifference to the adverse effect of Defendant CHORBA's misconduct and the effect of same upon students, including Plaintiff.

93. More specifically, Defendants VALLEY VIEW and MENDICNIO acted in conscious indifference to the rights of minor students, specifically SHAEFER when they chose to continue to employ CHORBA after receiving complaints of his inappropriate behavior.

94. Plaintiff avers that the Defendant VALLEY VIEW had and has unconstitutional customs and policies of failing to investigate evidence of public school district employees' and/or volunteers' misconduct and abuse against school district students in the nature of violations of their right to personal security, bodily integrity, as well as their right to be free from sexual misconduct, abuse and/or exploitation, and failing to adequately supervise and train school district employees and/or volunteers with regard to maintaining, preserving and protecting students from violations of their right to personal security and bodily integrity.

95. Furthermore, VALLEY VIEW and MENDICINO made a conscious decision to continue to employ CHORBA, allow him access to the very minor female students he harassed and exploited even though they had received complaints about CHORBA'S actions.

96. The conduct of Defendant VALLEY VIEW, as set forth above, and Defendant MENDICINO and other school district employees, acting under the color of state law, continued to employ CHORBA even after they were made aware of inappropriate conduct.

97. VALLEY VIEW and MENDICINO's actions were committed in deliberate and/or conscious disregard of the substantial and/or unjustifiable risk to minor female students, specifically the Plaintiff, that they would be sexually harassed, sexually exploited and that their privacy and personal security would be invaded upon by CHORBA.

98. The actions by VALLEY VIEW and MENDICINO to continue to employ CHORBA even after they were warned about his behavior is egregious as to shock the conscience.

99. To know of CHORBA's conduct and behaviors and then to consciously and willfully choose to allow him to remain employed as a teacher with access to minor female students is outrageous and wanton behavior by both VALLEY VIEW and MENDICINO.

100.   As noted above, Throughout August of 2013 through June of 2017 it is believed and averred that VALLEY VIEW and MENDICINO had received complaints about CHORBA's inappropriate behavior with female students, including the use of his cellular telephone to take pictures of minor female students buttocks and standing inappropriately close to them during stretching in the physical education classes.

101.   It is also believed and therefore averred, that throughout August of 2013 through June of 2017 complaints were made to VALLEY VIEW and MENDCINO regarding CHORBA while he was employed there regarding him walking to his vehicle without a shirt on and bare chested, on VALLEY VIEW's premises while students and other faculty were still present.

102.   It is also believed and therefore averred that complaints were made to VALLEY VIEW and MENDICINO that CHORBA walked into the women's locker room prior to classes pretending to shield his face with papers between August of 2013 through June of 2017.

103.   VALLEY VIEW and MENDICINO's conduct was the cause of Plaintiff's emotional and psychological harm in that their actions, in willfully and wantonly choosing to continue to employ CHORBA allowed CHORBA access to invade the privacy of the Plaintiff, harass her and sexually exploit her.

104. VALLEY VIEW and MENDICINO, knowing that CHORBA's actions were seemingly sexually driven and that CHORBA's actions were committed upon minor female students while he was employed and on school property gave them notice that CHORBA was a danger to students.

105. The conduct as described above was committed pursuant to a municipal policy and/or custom of both VALLEY VIEW and MENDICINO to look the other way even when warned of CHORBA's behaviors.

106. The conduct of VALLEY VIEW and MENDICINO described above violated Plaintiff's constitutional right to substantive due process pursuant to the 4th, 5th, and 14th Amendments to the United States Constitution and her right to personal security and bodily integrity and as remediable by 42 U.S.C. §1983.

107. Defendant MENDICINO and other school district employees are policy makers for the purpose of implementing Defendant VALLEY VIEW's policies and customs.

108. As a result of the above-stated conscious and willful actions of Defendants VALLEY VIEW AND MENDICINO, Plaintiff has suffered such harm as has been previously stated herein.

## COUNT THREE
### Plaintiff SHAEFER v. Defendant MENDICINO
### Negligence

109.   Plaintiff incorporates paragraphs one (1) through one hundred eight (108) by reference with the same force and effect as if they were set forth at length herein.

110.   At all relevant times hereto, Defendant MENDICINO knew or should have known that Defendant CHORBA, had a reputation for inappropriate behavior and/or conduct with Plaintiff and other minor female students and took no action to protect Plaintiff including warning the authorities and/or intervening to prevent the same.

111.   From 2013 through 2017, the Defendant MENDICINO had a duty to recognize inappropriate conduct by Defendant CHORBA with Plaintiff and other minor female students and to protect them.

112.   From 2013 through 2017, the Defendant MENDICINO failed to properly train school staff, including but not limited to, teachers, administrators, volunteers and other employees and staff to recognize and prevent inappropriate relations and/or conduct between teachers and/or volunteers and students.

113.   From 2013 through 2017, the Defendant MENDICINO allowed Defendant CHORBA to have interaction with minor students, specifically the Plaintiff, when they knew or should have known that CHORBA's inappropriate

behavior were warning signs that minor female students, including Plaintiff particularly, were in danger while they were in the care, custody and control of the Defendant MENDICINO.

114. The Defendant MENDICINO had a duty and responsibility to act against Defendant CHORBA, remove and/or suspend him from the school and report his inappropriate behavior towards minor female students, including the Plaintiff, to the authorities and prevent future harm.

115. At the time of CHORBA's hire and throughout his employment with Defendant VALLEY VIEW, Defendant MENDICINO failed to conduct appropriate background checks, through investigations, vetting and evaluation of CHORBA prior to hiring and/or allowing him to act on their behalf.

116. Not only did the above-named Defendant fail to take any affirmative action or corrective action against CHORBA, as was his duty to the Plaintiff and others similarly situated, MENDICINO ratified and permitted CHORBA to maintain access to Defendant VALLEY VIEW's premises and properties and allowed him to have the ability to engage in additional inappropriate conduct.

117. As noted above, it is believed and therefore averred that MENDICINO had received complaints about CHORBA. Those complaints stemmed from sexual driven actions of CHORBA. These complaints stemmed from CHORBA, a male teacher, entering the women's locker room when minor female students were

changing, to taking photographs of minor female students' buttocks while stretching in his class to walking shirtless and bare chested on school grounds in front of minor students and faculty alike.

118.    MENDICINO knew of the risks in choosing to retain the employment of CHORBA and giving him access to minor female students.

119.    As a high-school principal, it was his responsibility to ensure that students' rights and safety were protected.

120.    MENDICINO wantonly and willfully disregarded those risks, continued to employ CHORBA, continued to give him access to minor female students and in turn, caused the harm now suffered by the Plaintiff.

121.    MENDICINO's actions, even after knowing of the complaints against CHORBA were willful in nature and recklessly disregarded the safety and integrity of all minor female students with the school, including the Plaintiff.

122.    All of MENDICINO's actions and/or omissions as set forth in the foregoing paragraphs do constitute such negligent, wanton, willful and reckless conduct such that Plaintiff is entitled to the relief requested for her losses and damages.

## COUNT FOUR
## Plaintiff SHAEFER v. Defendant MENDICINO
## Negligent Supervision

123. Plaintiff incorporates paragraphs one (1) through one hundred twenty-two (122) by reference with the same force and effect as if they were set forth at length herein.

124. Defendant MENDICINO had a duty to provide reasonable supervision of its employees and agents, specifically, Defendant CHORBA when they had interaction and contact with minor female students, specifically the Plaintiff.

125. It was reasonably foreseeable that employees of VALLEY VIEW under the supervision of Defendant MENDICINO who had any sexual interest in minor female students, and/or engaged in inappropriate behavior with minor female students, including the Plaintiff, yet Defendant MENDICINO failed to supervise, monitor and investigate such employees and/or agents, including CHORBA, in order to prevent/stop the same.

126. MENDICINO, knew or reasonably should have known that Defendant CHORBA was conducting himself in an inappropriate and sexual manner with minor female students on school premises yet took no action to investigate, supervise or monitor the same.

127. MENDICINO instead, made the conscious decision to continue to employ CHORBA.

128. Mendicino negligently failed to recognize the inappropriate contact and/or conduct by the CHORBA with the minor female students as identified in the foregoing paragraphs and failed to supervise CHORBA's contacts with minor female students and/or intervene to prevent the harm from occurring and reoccurring, enabling CHORBA, who was in a position of authority and trust, to conduct himself inappropriately with and exploit Plaintiff and others similarly situated; constituting outrageous conduct.

129. To willfully allow a teacher, who MENDICINO knew was acting in a manner that placed students' safety, security, privacy and bodily integrity in jeopardy shocks the conscious and at the very least was reckless in nature knowing, or with conscious disregard for the risks associated with such actions, would lead to the very invasion of privacy and violation of Plaintiff's rights as mentioned above.

130. Moreover, Defendant MENDICINO failed to formulate, adopt, implement and/or use an appropriate monitoring system to ensure the protection of the Plaintiff and/or others similarly situated when they knew or should have known that CHORBA had a reputation and/or propensity for acting inappropriately with minor female students.

24

131. Defendant, MENDICINO acted with reckless disregard and consciously did not intervene and stop CHORBA from engaging in inappropriate sexual conduct with, and exploitation of, the Plaintiff and/or others similarly situated, when they knew or should have known that the complaints against CHORBA conducting himself inappropriately with minor female students on school premises were warning signs that those minor female students, were in danger when he willfully continued to employ CHORBA giving him access to the minor female students.

132. Such acts of misconduct by CHORBA were made possible and allowed to occur on the premises of VALLEY VIEW during the course of school because of MENDICINO's failure to train, monitor and supervise his employees, volunteers and/or agents.

133. MENDICINO, in breaching their duties to students, including Plaintiff, to provide reasonable supervision of CHORBA, was outrageous and committed with reckless indifference to Plaintiff and to his duty to provide a safe educational environment free from inappropriate behavior, sexual in nature or otherwise, by teachers, volunteers, staff and/or agents specifically by continuing to employ CHORBA, giving him access to the minor female students whose rights he continued to violate.

Case 3:23-cv-00019-KM   Document 29   Filed 10/19/23   Page 26 of 29

134. As a result of the above described conduct and that which is alleged in the foregoing paragraphs which are incorporated herein by reference, Plaintiff has suffered and continues to suffer great pain of mind and body, shock, emotional distress, embarrassment, loss of esteem, disgrace, humiliation, loss of enjoyment of life, was prevented and will continue to be prevented from performing Plaintiff's daily activities and obtaining the full enjoyment of life, has sustained and will continue to incur expenses for medical and/or psychological treatment, therapy and counsel.

## COUNT FIVE
## Plaintiff SHAEFER v. MENDICINO
## Intentional Infliction of Emotional Distress

135. Plaintiff incorporates paragraphs one (1) through one hundred thirty-four (134) by reference with the same force and effect as if they were set forth at length herein.

136. The conduct of Defendant CHORBA, as set forth above, including engaging repeatedly in illegal and inappropriate conduct between teacher and minor female students who were under their care, constituted outrageous conduct utterly intolerable in a civilized society, and that conduct led to severe emotional distress for the Plaintiff.

137. MENDICINO, intentionally, recklessly and/or deliberately inflicted extreme emotional distress upon Plaintiff by continuing to employ CHORBA

26

and/or his failure to have CHORBA removed from any premises owned, possessed and/or controlled by VALLEY VIEW  in order to prevent CHORBA from having any contact with minor female students such as Plaintiff, by Defendant's outrageous series of acts as alleged in the foregoing allegations incorporated herein by reference.

138.   MENDICINO intentionally, recklessly and/or deliberately chose to continue to employ CHORBA giving him access to the minor female students, chose not to notify appropriate law enforcement authorities and/or to investigate CHORBA's inappropriate and illegal conduct.

139.   As a result of CHORBA's inappropriate conduct and sexual exploitation and as a result of MENDICINO's reckless, deliberate and/or intentional and extreme and outrageous actions and/or inactions, Plaintiff has suffered such harm as has been previously stated herein.

140.   MENDICINO is therefore liable to Plaintiff for intentional infliction of emotional distress.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests this Honorable Court:

A.    Enter judgement in favor of the Plaintiff against the Defendants;

B.    Enter an order declaring Defendants' conduct unconstitutional;

C.    Award the Plaintiff compensatory and punitive damages against the

27

Defendants;

D.    Award the Plaintiff damages for past, present, and future pain and suffering, humiliation and embarrassment, loss of enjoyment of life and emotional distress.

E.    Award the Plaintiff's counsel reasonable attorneys' fees and costs pursuant to 42 U.S.C. §1988 and any other applicable provisions of law;

F.    Enter a permanent injunction, upon proper motion, requiring Defendant VALLEY VIEW and/or MENDICINO to adopt appropriate policies related to the hiring, training, supervision and discipline of its employees, volunteers, administrators, and staff; and

G.    Grant to the Plaintiff such other and further relief as may be just and proper under the circumstances, including by not limited to appropriate injunctive relief.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial, pursuant to the Seventh Amendment to the Constitution of the United States, as to all claims for damages.

Respectfully submitted:
THE MATTIOLI LAW FIRM

By:    /s/ *Michael J. Ossont*
        Michael J. Ossont, Esquire
        Pa. I.D.: 310437

        /s/ *Jason J. Mattioli*

28

Jason J. Mattioli, Esquire
Pa. ID: 88766