**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JULIE SHAEFER,** | : | **CIVIL ACTION NO. 3:23-CV-19** |
| **Plaintiff,** | : | |
| **v.** | : | **(JUDGE MANNION)** |
| **JAMIE CHORBA, VALLEY VIEW SCHOOL DISTRICT and CHRISTOPHER MENDICINO,** | : | |
| | : | |
| **Defendants.** | : | |

## MEMORANDUM

Presently before the court is the Valley View School District and Christopher Mendicino's ("District Defendants") motion to dismiss, (Doc. 31), Plaintiff's amended complaint (Doc. 29), regarding the conduct of former Valley View High School gym teacher and convicted child predator, Jamie Chorba. The District Defendants argue that Plaintiff has failed to state a claim, but as pled Chorba's sexual exploitation of Plaintiff, as well as his history of blatantly predatory behaviors while employed at Valley View, shock the conscious and establish a plausible violation of her constitutional rights under 18 U.S.C. §1983. Since Plaintiff concedes that she has failed to adequately plea the other claims in her amended complaint, the court will **GRANT** IN part and **DENY** in part the District Defendants' motion to dismiss.

## I.     BACKGROUND

The factual background in this matter is taken from the allegations in Plaintiff's amended complaint, which the court must accept as true for the purposes of the District Defendants' motion to dismiss.

Plaintiff Julie Shaefer was a student at Valley View High School from August 2013 to June 2017. Plaintiff was a minor the entire time she attended Valley View, graduating at age seventeen. Defendant Christopher Mendicino was the principal of Valley View High School at all relevant times. Defendant Jamie Chorba was the boys' high school physical education teacher and a health teacher at Valley View during all relevant times.

From at least 2013 through 2017, the District Defendants received complaints about Chorba's inappropriate behavior around female students, including the use of his cellular telephone to take pictures of some female students and standing inappropriately close to them while stretching in physical education classes. Additional complaints were made to Valley View that Chorba had been seen walking to his vehicle without a shirt on and bare chested on Valley View's premises while students and other faculty were still present. Chorba was also known to walk into the women's locker while students were changing pretending to shield his face with papers. Many female students found this to be extremely inappropriate and complained.

On January 6, 2021, Plaintiff was informed by Lackawanna County Detectives that Chorba had downloaded photographs of her from social media dating back to 2013 and had taken photos of her buttocks during her time in high school at Valley View High School. Based on the Lackawanna County Detectives' investigation, Plaintiff was wearing different clothing in several of the photographs showing that Chorba took these photographs on more than one occasion.

Additionally, Plaintiff was shown photographs produced by Chorba that included her face being morphed onto the nude body of a different female. In some of those photographs, Chorba morphed his face onto the nude bodies of other males. These photographs showed the nude male with Chorba's faced morphed onto it engaging in sexual acts with the nude females with Plaintiff's face morphed onto them. These images were found in conjunction with numerous other photographs of students including other minors.

Furthermore, the Lackawanna County Detectives uncovered hundreds of photos and videos of Chorba throughout Valley View's property. These photos contained, but were not limited to, images of Chorba, naked, with an erect penis, while he was in various rooms located in Valley View. There were images of Chorba naked in the gym, locker room, library, and

classrooms throughout Valley View High School. There was also a video of Chorba masturbating in his vehicle while looking at two minor females that appeared to take place on Valley View property.

It is alleged that at the time of Chorba's actions, Valley View did not have in place a policy or procedure to protect minor students from this type of conduct. Moreover, Valley View had a policy or custom of ignoring signs of inappropriate actions by teachers, and of failing to investigate situations where inappropriate conduct by a teacher was suggested, suspected, or evident. Because no investigation had taken place of the complaints made by students and their parents about Chorba, the inappropriate and illegal behavior continued. Plaintiff asserts that if the District Defendants had a policy in place to protect the constitutional rights of its minor students and did not ignore the warning signs of inappropriate behavior, the rights of Chorba's victims could have been protected.

Chorba eventually pled guilty to Open Lewdness and Indecent Exposure in the Lackawanna County Court of Common Pleas and Sexual Exploitation of Children in the United States District Court for the Middle District of Pennsylvania.

Based on these facts Plaintiff filed a civil complaint on January 5, 2023. (Doc. 1). The District Defendants filed a motion to dismiss on January 25,

2023, and an accompanying brief in support on February 8, 2023. On September 25, 2023, the court granted the motion to dismiss finding that some of the pleaded claims were not cognizable under any set of facts while other were cognizable generally but lacked sufficient supporting allegations. Accordingly, the court granted Plaintiff leave to amend most of her claims and Plaintiff filed an Amended Complaint on October 19, 2023. (Doc. 29.) On October 26, 2023, the District Defendants filed the present motion, (Doc. 31), to dismiss Plaintiff's Amendment Complaint.

## II.    LEGAL STANDARD

The District Defendants' motion to dismiss is brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Rule 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the complaint fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *See Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). Dismissal is appropriate only if, accepting all the facts alleged in the complaint as true, the non-moving party has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating "no set of facts" language found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

The facts alleged must be sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the non-moving party's cause of action. *Id*. Furthermore, to satisfy federal pleading requirements, the non-moving party must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotations marks omitted) (quoting *Twombly*, 550 U.S. 544 at 555).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. *See Sands v. McCormick*, 502 F.3d 263 (3d Cir. 2007). "A court may also consider 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case.'" *Bisset v. Verizon Wireless*, 401 F. Supp. 3d 487, 492 (M.D. Pa. 2019) (quoting *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006)).

The court should generally grant leave to amend a pleading before dismissing it as merely deficient. *See, e.g., Fletcher-Harlee Corp. v. Pote*

*Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). But a district court has three grounds on which it may deny leave to amend a complaint: "(1) [where] the moving party has demonstrated undue delay, bad faith or dilatory motives; (2) [where] the amendment would be futile; or (3) the amendment would prejudice the other party." *Lake v. Arnold,* 232 F.3d 360, 373 (3d Cir. 2000) (citing *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227 (1962)).

### III.   DISCUSSION

The District Defendants again seek dismissal of all Plaintiff's claims against them. The court will address the parties' arguments in turn.

### A. SECTION 1983

The District Defendants argue that Plaintiff has failed to state a claim under Section 1983. Section 1983 is the vehicle by which private citizens may seek redress for violations of federal constitutional rights committed by state officials. To state a cause of action under Section 1983, a plaintiff must allege that: (1) the conduct complained of was committed by persons acting under color of state law; and (2) the conduct violated a right, privilege, or immunity secured by the Constitution or laws of the United States. *See*

*Harvey v. Plains Twp. Police Dep't*, 421 F. 3d 185, 189 (3d Cir. 2005). It is undisputed that the Defendants, a public high school teacher, public school district and public high school principal, are state actors for the purposes of Section 1983. Thus, the issue here is whether the Defendants' conduct violated Plaintiff's federally protected rights.

Plaintiff alleges that Chorba violated her Fourteenth Amendment substantive due process right to bodily integrity *i.e.*, be free from sexual misconduct, harassment and/or abuse at the hands of school employees. In deciding the District Defendants' last motion to dismiss, the court found that Plaintiff had not plausibly plead an underlying constitutional violation by Chorba. The District Defendants claim that Plaintiff's Amended Complaint contains no additional allegations that would support a finding of a constitutional violation by Chorba or, resultantly, by the District Defendants.

However, in her amended complaint Plaintiff has added the allegation that the District Defendants knew as early as 2013 that Chorba was photographing female students during physical education classes, invading the girl's locker room while students were changing, and walking around the school's campus partially naked but continued to employ him through at least Plaintiff's graduation in 2017. Consequently, Chorba was allowed to get acquainted with Plaintiff, collect photos of her, and eventually manipulate her

photos to show him engaging in sex acts with her. The egregiousness of these allegations, including the new fact that the District Defendants allegedly knew about Chorba's conduct for at least four years and did nothing to investigate or stop it, would shocks the conscience, and compels the court to construe Plaintiff's amended complaint as plausibly stating a constitutional violation, at least at this stage of the proceedings, pending further discovery.

In *County of Sacramento v. Lewis,* the Supreme Court explained that where executive action is challenged on substantive due process grounds, "the threshold question is whether the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." 523 U.S. 833, 847, n. 8, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998). If this question yields a positive answer, a reviewing court can proceed to consider whether the liberty or property interest infringed is sufficiently "fundamental" to be worthy of substantive due process protection. *Id.*

Chorba's alleged conduct shocks the conscience and Plaintiff's right to be free from sexual abuse at the hands of her teachers has been clearly established as fundamental. *See Kobrick v. Stevens*, No. 3:13-CV-2865, 2017 WL 3839946, at 14 (M.D. Pa. Sept. 1, 2017), *subsequently aff'd,* 763 F. App'x 216 (3d Cir. 2019) (citing *Stoneking v. Bradford Area Sch. Dist.,* 882

F.2d 720, 727 (3d Cir. 1989) ("Nearly three decades ago, the Third Circuit affirmed that a student's right to be free from sexual abuse at the hands of her teacher is clearly established.") In initially dismissing her complaint, the court never questioned the fundamental nature of this right. It only expressed reluctance at extending it to this particular case, where no physical touching is alleged. The new allegations in Plaintiff's amended complaint regarding the length of time District Defendants knew about and failed to address Chorba's blatantly predatory behavior necessitates this case to proceed to discovery. Moreover, the increasing prevalence and realism of morphed or manipulated photos, colloquially known as deep fakes, may push the borders of Plaintiff's right to bodily integrity.

In our digital age where new technologies have increasingly blurred the line between physical and virtual reality, courts must consider constitutional violations on screen as seriously as those off. *See e.g. Garnier v. O'Connor-Ratcliff*, 41 F.4th 1158 (9th Cir. 2022), *cert. granted,* 143 S. Ct. 1779, 215 L. Ed. 2d 669 (2023) (Considering whether parents blocked by school board members on social media stated a First Amendment violation under Section 1983). In the specific context of teachers sexually abusing their students, the virtual nature of a student's abuse does not negate the trauma the student may experience from it. Moreover, the injuries from such

- 10 -

virtual acts of sexual violence are grave including depression and even suicide.

In *Stoneking*, the Third Circuit found that "[a] teacher's sexual molestation of a student is an intrusion of the schoolchild's bodily integrity not substantively different for constitutional purposes from corporal punishment by teachers." 882 F.2d at 727. By extension of this principle one might conclude that a teacher's virtual sexual molestation of student is an intrusion of the schoolchild's bodily integrity not substantively different for constitutional purposes from physical sexual molestation by teachers. If something looks like a constitutional violation, and causes injuries like a constitutional violation, then it is a plausible constitutional violation. Here Chorba produced photos, where not only is he touching Plaintiff but also is engaged in sex acts with her. As a result, Plaintiff claims to have suffered severe and permanent psychological damage, physical harm, and emotional distress including but not limited to anxiety and depression. Accordingly, the court finds that Plaintiff has barely plead a plausible constitutional violation, at least worthy of further discovery.

Still the District Defendants assert that even if Plaintiff sufficiently pleads a constitutional violation by Chorba, she has not stated claim as to the District Defendants. As local government entities the District Defendants

can be held liable under Section 1983 only if Plaintiffs show that the violation of their federally protected rights resulted from the enforcement of a "policy" or "custom" of Defendants. *See Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 694 (1978). A court may find that a municipal policy exists when a "'decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict." *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481, (1986)). It is also possible for a court to find the existence of a municipal policy in "the isolated decision of an executive municipal policymaker." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 139 (1988). Still there must be a "direct causal link" between the municipal policy or custom and the alleged constitutional violation. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989).

Additionally, if the policy at issue relates to a failure to train or supervise municipal employees, "liability under section 1983 requires a showing that the failure amounts to 'deliberate indifference' to the rights of persons with whom those employees will come into contact." *Carter v. City of Phila.*, 181 F.3d 339, 357 (3d Cir. 1999) (citation omitted). Such a failure [to train or supervise municipal employees] "can ordinarily be considered deliberate indifference only where the failure has caused a pattern of violations." *Berg*

*v. Cty. of Allegheny*, 219 F.3d 261, 276 (3d Cir. 2000). However, a plaintiff may also show deliberate indifference by presenting evidence that officials were aware of the risk of constitutional violations and the alternatives to preventing such harm, but either "deliberately chose not to pursue these alternatives or acquiesced in a longstanding policy or custom of inaction in this regard." *Simmons v. City of Philadelphia*, 947 F.2d 1042, 1064 (3d Cir. 1991) *See also Robinson v. Fair Acres Geriatric Center*, 722 Fed.Appx. 194, 199 (3d Cir. 2018) ("In order for a failure-to-train claim to support *Monell* liability, a plaintiff must show 'that in light of the duties assigned to [the relevant employees,] the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the [municipality] can reasonably be said to have been deliberately indifferent to the need.'") (citation omitted).

Here Plaintiff's argue that two prior incidents where the District Defendants failed to prevent a school volunteer, Mark Kandel, and staff member, Christopher Mazzino, from engaging in inappropriate sexual behaviors with students that led to both men's arrests and conviction for child sex crimes demonstrate a policy or custom for the purposes of imposing *Monell* liability. Conversely the District Defendant's argue that these incidents are factually distinguishable from the events at issue here and

- 13 -

without citing any authority claim they are insufficient in number to establish a custom or policy.

As previously stated, an isolated decision of executive policy maker, can establish *Monell* liability. Thus, regardless of the number of past incidents where the District Defendants failed to prevent sex abuse of students by volunteers/staff members, Defendant's failure to investigate let alone stop Chorba's blatantly predatory behaviors may constitute a policy under *Monell*. Moreover, there is a direct causal link between this policy and Plaintiff's alleged injuries because had the District Defendant's removed Chorba from the school environment he would not have had multiple years to become acquainted with and collect photos of Plaintiff.

With regards to Plaintiff's failure to supervise claim, she has also sufficiently pled deliberate indifference. First by pleading multiple past instances of sexually inappropriate behavior by Valley View volunteers and staff Plaintiff has established a pattern of violations. Second Plaintiff has pled that the District Defendants deliberately choose not to investigate complaints about Chorba or remove him from the school environment. And third Plaintiff has pled facts that make the need for more or different training so obvious that the District Defendants can be said to have been deliberately indifferent. Specifically, Plaintiff pleads that Chorba took pictures of female students

during gym class, invaded the girl's locker room while students were changing, and walked around the school campus partially naked while students were still present. All of these actions make his lack of appropriate supervision and training by the District Defendants painfully obvious and clearly indicate deliberate indifference.

Plaintiff also argues that her Section 1983 claim against the District Defendants should survive on a state created danger theory. To prevail on this theory, a plaintiff must prove that "a state actor affirmatively used his or her authority in a way that created a danger to the citizen or that rendered the citizen more vulnerable to danger than had the state actor not acted at all." *Morrow v. Balaski*, 719 F.3d 160, 177 (3d Cir. 2013)(quoting *Bright v. Westmoreland Cty.*, 443 F. 3d 276, 281 (3d Cir. 2006).

"As currently formulated" by the Third Circuit, the state-created danger theory of liability "requires a plaintiff to plead four elements: first, foreseeable and fairly direct harm; second, action marked by 'a degree of culpability that shocks the conscience'; third, a relationship with the state making the plaintiff a foreseeable victim, rather than a member of the public in general; and fourth, an affirmative use of state authority in a way that created a danger, or made others more vulnerable than had the state not acted at all." *Johnson*

*v. City of Phila.*, 975 F.3d 394, 400 (3d Cir. 2020) (citing *Sauers v. Borough of Nesquehoning*, 905 F.3d 711, 717 (3d Cir. 2018)).

Under the first element, Plaintiff must show the injury she suffered was "foreseeable and fairly direct." *Bright*, 443 F.3d at 281. "Under Third Circuit jurisprudence, a harm is foreseeable when a state actor has actual awareness, based on concrete information, of a risk of harm to an individual or class of individuals such that the actor is on notice that his or her act or failure to act significantly enhances that risk of harm." *Gremo v. Karlin*, 363 F. Supp. 2d 771, 784 (E.D. Pa. 2005). Here Plaintiff alleges that the District Defendants knew for at least four years that Chorba was acting inappropriately around female students. Any one report of Chorba's blatantly predatory behavior would have been enough to put District Defendants on notice that their continued employment of Chorba posed a risk to the emotional and even physical wellbeing of female students including Plaintiff. Here Plaintiff pleads that multiple reports were made over the course of at least four years to the District Defendants. Accordingly, Plaintiff's injury was foreseeable and fairly direct.

Under the second element Plaintiff must show that the "state actor acted with a degree of culpability that shocks the conscience." *Bright*, 443 F. 3d at 281. The Third Circuit has further explained that the required mental

state for assessing culpability is either "willful disregard for" or "deliberate indifference to" the safety of Plaintiff. *Morse v. Lower Merion School Dist.*, 132 F. 3d 902, 910 (3d Cir. 1997) (citing *Kneipp*, 95 F. 3d at 1208 n. 21). The District Defendants continued employment of Chorba for at least four years after learning he was invading the girl's locker room while students were changing, and walking around school premises partially naked also shocks the conscience and likely evinces a willful disregard and deliberate indifference to the safety of female students including Plaintiff. Accordingly, the District Defendants acted with a degree of culpability that shocks the conscience.

Under the third element, Plaintiff must prove that "a relationship between the state and the plaintiff existed such that the plaintiff was a foreseeable victim of the defendant's acts, or a member of a discrete class of persons subjected to the potential harm brought about by the state's actions." *Bright*, 443 F.3d at 281. Plaintiff pleads that she was a female student at Valley View high school, and as such was part of a discreet class of persons, who was subject to harm as a result of the School District's actions. *See Gremo*, 363 F. Supp. 2d at 789 (concluding the plaintiff was a member or discrete class of persons, namely, the students who attended the plaintiff's high school, who were subjected to potential harm as a result of

- 17 -

the state's actions). Accordingly, Plaintiff attendance at Valley View created a relationship between her and the District Defendants such that she would be a foreseeable victim of an alleged danger created by the District Defendants.

Under the fourth element the Plaintiff must show that the state used its authority in an affirmative way to place the Plaintiff in danger. *See Bridges ex rel. D.B. v. Scranton Sch. Dist.*, 66 F. Supp. 3d 570, 583 (M.D. Pa. 2014), aff'd, 644 Fed. Appx. 172 (3d Cir. 2016); *see also Bright*, 443 F.3d at 282 ("we have never found a state-created danger claim to be meritorious without an allegation and subsequent showing that state authority was affirmatively exercised"). This element is the most difficult to prove because of the "inherent difficulty in drawing a line between an affirmative act and a failure to act." *L.R. v. Sch. Dist. of Philadelphia*, 836 F. 3d 235, 242 (3d Cir. 2016). However, the Third Circuit has been clear that merely restating a defendant's inaction as an affirmative failure to act does not alter the passive nature of the alleged conduct. *See Morrow*, 719 F. 3d at 179.

Here Plaintiff alleges that the District Defendants' failure to investigate complaints about Chorba's conduct, discipline Chorba, and otherwise protect students from him constitutes an affirmative act. While such failures impose *Monell* liability, under a state created danger theory they do not constitute

affirmative conduct. In fact, Plaintiff's characterization of the Valley View Defendant's conduct is exactly the type of reframing the Third Circuit warned about in *Morrow* and demonstrates Plaintiff's misunderstanding of Third Circuit case law on this issue.

Still Plaintiff analogizes her case to *Kniepp v. Tedder*, 95 F. 3d 1199 (3d Cir. 1996), where she claims the Third Circuit found police officers' conscious decision to leave an intoxicated women to walk home alone on cold night was an affirmative act for the purposes of establishing liability under Section 1983. Plaintiff alleges that like the police officer in *Kniepp* the District Defendants made the conscious decision to leave Plaintiff in a dangerous situation *i.e.* proximity to Chorba. The District Defendants disagree with this analogy claiming that it both mischaracterizes *Kniepp* and again merely reframes a failure to act as affirmative conduct.

According to the District Defendants, the Third Circuit in *Kniepp* did not find that defendant police officers' conscious decision to abandon plaintiff's wife constituted an affirmative act, but instead found that defendants affirmatively acted when they instructed plaintiff to leave his wife in their custody. *See Kneipp*, 95 F.3d at 1203 ("By voluntarily assuming responsibility for [his wife's] protection when they told [the plaintiff] he could leave, it was alleged that the officers affirmatively created a danger and

increased the risk that [Ms. Kniepp] might be injured when they later abandoned her. It is further alleged that the police conduct made [Ms. Kneipp] 'more vulnerable' [by]... 'interfer[ing] with the efforts of [Plaintiff] to assist his wife to safety.'") The court agrees that is the appropriate reading of *Kniepp*. Moreover, the court finds the "conscious decision" to continue to employ Chorba is tantamount to failing to remove Chorba and is thus a failure to act not an affirmative act. Accordingly, Plaintiff's analogy to *Kniepp* still does not show an affirmative act by the District defendants and the court cannot find that she has plausibly pled a state created danger.

Nonetheless, Plaintiff has adequately pled that the District Defendants may be subject to *Monell* Liability for failing to adequately train, supervise, or otherwise prevent Chorba from violating her Fourteenth Amendment Substantive Due Process right to bodily integrity. If following discovery, on summary judgment Plaintiff is unable to show that the District Defendants did in fact know for at least four years that Chorba was acting as pled in the amended complaint, then this claim will fail. But at this stage of the proceeding Plaintiff has alleged adequate facts to state a plausible claim and proceed to discovery. Accordingly, the District Defendants' Motion to Dismiss will be **DENIED** with respect to Plaintiff's Section 1983 claim.

### B. Negligence

Plaintiff concedes she fails to state a claim for negligence. Accordingly, the District Defendants' Motion to Dismiss will be **GRANTED** with respect to this claim.

### C. Negligent Supervision

Plaintiff concedes she fails to state a claim for negligent supervision. Accordingly, the District Defendants' Motion to Dismiss will be **GRANTED** with respect to this claim.

### D. Intentional Infliction of Emotional Distress

Plaintiff concedes she fails to state a claim for emotional distress. Accordingly, the District Defendants' Motion to Dismiss will be **GRANTED** with respect to this claim.

### E. Punitive Damages

Plaintiff concedes she fails to state a claim for punitive damages. Accordingly, the District Defendants' Motion to Dismiss will be **GRANTED** with respect to this claim.

## IV.    CONCLUSION

In light of the foregoing, the court finds that the plaintiff's allegations barely survive at this stage of the proceedings. Since there are issues of fact that require discovery, the court will **GRANT** in part and **DENY** in the District Defendants' motion to dismiss, (Doc. 31), without prejudice to rearguing those matters at Summary Judgment time, if appropriate.

*S/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: February 9, 2024**
23-19-02

- 22 -